UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ANTONIO ARCHILA,<br><br>    Petitioner,<br><br>    v.<br><br>BRIAN CATES,<br><br>    Respondent. | Case No. 23-cv-00512-NC (PR)<br><br>**ORDER OF SERVICE** |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Dkt. No. 1 ("Petition"). Petitioner has paid the filing fee. Dkt. No 5. For the reasons that follow, the Court orders Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the Petition, Petitioner was sentenced to a term of 225 years after being convicted of one count of committing lewd and lascivious acts upon a child under the age of 14, *see* Cal. Pen. Code § 288(a); eleven counts of committing lewd and lascivious acts upon a child under the age of 14 by means of duress, *see id*. at § 288(b)(1); one count of committing these crimes while being more than seven years older than the child, *see id*. at § 269; and one count of committing these crimes while being more than ten years older than the child, *see id*. at § 288(c)(1). *See* Pet. at 1-2.[2]

Petitioner's conviction was affirmed on appeal, and his petition for review was denied by the California Supreme Court. *See id*. at 3.

---

[1] Petitioner has consented to magistrate judge jurisdiction. Dkt. No. 4.
[2] For consistency, the Court uses the page numbers assigned by the ECF system.

Petitioner filed this Petition on or after January 25, 2023. *See id*. at 6 (signing the Petition on that date); *see also Houston v. Lack*, 487 U.S. 266 (1988) (announcing the prison mailbox rule).

**DISCUSSION**

A.     Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.     Petitioner's Claims

Petitioner claims that:

1.     His rights under the Confrontation Clause of the Sixth Amendment were violated when the trial court did not permit defense counsel to impeach the victims' testimony with videotape of a recorded conversation, *see* Pet. at 5, 11-21;

2.     His right to due process under the Fourteenth Amendment was violated when the trial court did not permit defense counsel to introduce the aforementioned videotape into evidence, *see id*. at 5, 21-23;

3.     His right to due process under the Fourteenth Amendment was violated when the jury was instructed that, if it found Petitioner guilty of any charge, it could find him guilty of all charges so long as there was any corroborating evidence, *see id*. at 5, 10, 23-27;

4.     The jury erroneously was instructed that consent is not a defense to the charge of lewd and lascivious acts committed against a child under the age of 14 years old by means of duress, *see id*. at 7, 27-28;

5. The trial court erroneously failed to instruct the jury as to lesser-included offenses as to four of the charges against him, *see id*. at 7-9; and

6. Cumulative error, *see id*. at 7, 9.

These six claims are the only claims raised in the Petition. *See generally, id.*

Liberally construed, these claims are cognizable. The Court orders Respondent to show cause why the Petition should not be granted as to these claims.

## CONCLUSION

For the foregoing reasons:

7. The Clerk shall serve electronically a copy of this order and a Magistrate Judge jurisdiction consent form upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The Petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

8. On or before **August 25, 2023**, Respondent shall file with the Court and serve on Petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on Petitioner's cognizable claims. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the Petition.

9. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent's counsel **within thirty (30) days** of the date the answer is filed.

10. In lieu of an Answer, Respondent may file, on or before **August 25, 2023**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or statement of non-opposition **within thirty (30) days** of the date the motion is filed, and Respondent shall file with the Court and serve on

3

1  Petitioner a Reply **within fifteen (15) days** of the date any opposition is filed.

2      11.    Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

4      12.    It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  **<u>Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).</u>**

8      13.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

10      14.    The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

DATED: June 15, 2023

NATHANAEL M. COUSINS
United States Magistrate Judge